**Belt SULLIVAN, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 3090.**

United States District Court
W. D. South Carolina,
Greenville Division.

Dec. 8, 1964.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare. This section provides, *inter alia*, that "As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The next subsection, 205(h) of the Act, 42 U.S.C.A. § 405(h), expressly restricts the judicial remedy to the aforesaid manner of judicial review.

The final decision of the Secretary in this case was rendered on November 27, 1961, by the Appeals Council. In its decision the Appeals Council affirmed a decision rendered by a hearing examiner on April 10, 1961. Said final decision holds that the plaintiff is not entitled to the establishment of a period of disability under Section 216(i) of the Act, 42 U.S.C.A. § 416(i), or to disability insurance benefits under the provisions of Section 223 of the Act, 42 U.S.C.A. § 423, based on his application filed June 1, 1960.

The medical evidence in this case consists of reports from Dr. Charlton P. Armstrong, dated June 27, 1960, and August 15, 1960, supplemented by reports of plaintiff's hospitalization in January and March 1960 at Greenville General Hospital, and a report of plaintiff's single visit to Dr. T. R. Wynne on July 14, 1960.

The hospital records show that on his first admission in January 1960, plaintiff's general physical examination was negative, but a small stone was located in his left ureter, which was removed. On his second admission in March 1960, a stone was found in his right kidney. Concerning these admissions, Dr. Armstrong stated on June 27, 1960, that he had seen plaintiff at the hospital in consultation with Dr. Basil Manly on January 10, 1960, when plaintiff had a complete urological survey; that stones were found in plaintiff's left ureter and right kidney; that the stone was removed from the left ureter; but that it had not been found feasible to operate and remove the stone from the right kidney. An additional report of August 15, 1960, from Dr. Armstrong concerning the condition of plaintiff's right kidney stated:

> "* * * There is a small stone located in the upper pole of the right kidney *which is essentially asymptomatic at this time,* except for occasional intermittent Pyuria. (pus in the urine.)" (Emphasis Supplied.)

In the interval between Dr. Armstrong's reports, plaintiff had gone to Dr. T. R. Wynne on July 14, 1960. Dr. Wynne's report gave no objective findings whatever, and seemed to be merely an account of what plaintiff told him. He stated that plaintiff had had good results on the left side (i. e., from removal of the stone from the left ureter) but should be hospitalized again for repeat cystoscopy (examination of bladder and ureters by means of a cystoscope). He stated that the stones (Dr. Armstrong stated that plaintiff had only one small stone) on the right side could be removed but recurrence was likely. Dr. Wynne stated that plaintiff also had a hernia *but that no disability claimed for this.* This remark by Dr. Wynne constituted the only medical evidence concerning plaintiff's hernia.

This Court finds that the record contains substantial evidence to support the findings of the Secretary of Health, Education and Welfare.

**8**

Plaintiff and defendant made oral motions before me, at the hearing in Greenville June 10, 1964.

Defendant's Motion for Summary Judgment is granted.

The Clerk of Court for the United States District Court for the Western District of South Carolina shall enter judgment for defendant.

And it is so ordered.